■ BELTONE ELECTRONICS CORPORATION, Appellant, v FLOYD E. SELBST et al., Individually and Doing Business as SELBST ASSOCIATES AND BELTONE MANHATTAN Co., Respondents. BELTONE ELECTRONICS CORPORATION, Appellant, v FLOYD E. SELBST, Doing Business as BELTONE MANHATTAN AND SELBST ASSOCIATES, Respondent.—Order, Supreme Court, New York County, entered December 2, 1976, denying plaintiff's motion for a preliminary injunction and granting defendants' cross motion for a dismissal of the complaint for failure of the plaintiff to comply with section 1312 of the Business Corporation Law, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for a hearing to determine whether the plaintiff is "doing business" in New York within the meaning of section 1312 of the Business Corporation Law. The application for preliminary injunctive relief should be held in abeyance pending completion of the hearing. Beltone Electronics Corporation manufactures and distributes hearing aids and related accessories. Beltone is an Illinois corporation with a principal place of business in Chicago, Illinois. It claims to do business by direct mail order from Chicago to the place of delivery, and payment for goods is mailed to Beltone in Chicago. It also has arrangements with franchised dealers for the sale of its products. "Beltone" is a trademark on the principal register in the United States Patent Office. The defendants were at one time franchised dealers of Beltone and, though they no longer act in that capacity, they continue to use the name Beltone. The plaintiff therefore brought two actions: one for injunctive relief to prevent continued use of the name Beltone, and the other seeking to recover moneys allegedly owed to Beltone from the defendants while they were still franchised dealers. Special Term denied the injunctive relief and dismissed the complaint for the failure of Beltone to comply with section 1312 of the Business Corporation Law. We would reverse. Section 1312 of the Business Corporation Law provides that a foreign corporation doing business in this State without authority may not maintain an action in this State until it has been authorized to do business here and paid the necessary fees. However, the standard of "doing business" for section 1312 of the Business Corporation Law purposes is different from that required for jurisdictional purposes *(Tauza v Susquehanna Coal Co.,* 220 NY 259; *International Text Book Co. v Tone,* 220 NY 313). As Judge Cardozo stated in the *Tone* case (220 NY 313, 318, *supra):* "Business may be sufficient to subject the foreign corporation that does it to the service of process, and yet insufficient to require it to take out a license. In *Tauza v. Susquehanna Coal Co.* (220 N. Y. 259), decided herewith, this distinction is emphasized * * * We have steadily upheld the right of foreign corporations, without the aid of any license, to engage in activities incidential to commerce between the states. To read the statutes otherwise would be to condemn them as unconstitutional. They would then be unlawful obstructions of interstate commerce." In the case at bar, Beltone claims that its direct mail-order business to New York State is insufficient to bring it within the strictures of section 1312 of the Business Corporation Law, while the defendants claim that the control exercised by Beltone over its New York franchised dealers and certain customer lists is so stringent that it is doing business in a manner requiring it to adhere to the requirements of section 1312 of the Business Corporation Law. The

conflicting affidavits in the present record do not contain sufficient facts to sustain the position of either the plaintiff or the defendants. We have therefore remanded the matter for a hearing to determine whether Beltone is "doing business" in New York to the degree requiring it to comply with the mandate of section 1312 of the Business Corporation Law. Concur—Birns, J. P., Silverman, Evans, Lane and Yesawich, JJ.