■ RALPH MARAZZO, Doing Business as BARA STABLES, Appellant, v FRONTIER INSURANCE COMPANY, Respondent, et al., Defendant.—In an action for a judgment declaring, inter alia, that a policy of liability insurance issued by the defendant Frontier Insurance Company to the defendant Fire Fox Farm, Inc., d/b/a Fox Lair Stables, was in full force and effect at the time of the plaintiff's loss, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated September 18, 1990, which granted the motion of the defendant Frontier Insurance Company for summary judgment, and directed the dismissal of the complaint insofar as it is asserted against Frontier Insurance Company.

Ordered that the order is modified, on the law, by deleting the provision thereof which directed the dismissal of the complaint insofar as it is asserted against Frontier Insurance Company; as so modified, the order is affirmed, with costs to the respondent, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that Frontier Insurance Company has no obligation to defend or indemnify the plaintiff for his loss (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

We are satisfied that the defendant insurance carrier has established its entitlement to judgment as a matter of law. The plaintiff's horse was injured on April 5, 1988, and at that time the defendant stable had permitted its insurance coverage to lapse due to nonpayment of premiums. Accordingly, there was no coverage in effect at the time of the plaintiff's

loss. Moreover, the plaintiff failed to proffer any evidence in support of his conclusory assertion that the carrier wrongfully refused to renew the defendant stable's policy prior to the time of the injury to the plaintiff's horse. Therefore, on this record, the plaintiff has failed to rebut the carrier's prima facie showing of entitlement to judgment as a matter of law.

The plaintiff's claim that the carrier must defend and indemnify the defendant stable because a new policy of insurance was in effect on April 21, 1988, the date the horse was destroyed, is not properly before this Court, as it was not raised with specificity before the Supreme Court (see, Kohilakis v Town of Smithtown, 167 AD2d 513; Gunzburg v Gunzburg, 152 AD2d 537). In any event, the new policy contained an exclusion from coverage for death of an animal by euthanasia committed with the consent of the owner, except under circumstances not present here. Thus, the new policy could not have covered this loss.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.