■ INTERNATIONAL FURNITURE RENTALS OF NY/CT, INC., Appellant, v UNITED STATES FIDELITY AND GUARANTY COMPANY,

Respondent. [681 NYS2d 326] —In an action, *inter alia,* for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action entitled *Powers v IFR Pension Plan,* pending in the United States District Court, Southern District of New York, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 27, 1997, as granted the defendant's motion for summary judgment, and (2) an order of the same court, entered December 5, 1997, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered March 27, 1997, is dismissed, as that order was superseded by the order entered December 5, 1997, made upon reargument; and it is further,

Ordered that the order entered December 5, 1997, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment declaring that the defendant has no duty to defend or indemnify the plaintiff in the action entitled *Powers v IFR Pension Plan;* and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff (hereinafter IFR) purchased a "claims-made" employee benefits liability policy from the defendant, United States Fidelity and Guaranty Company (hereinafter Fidelity), effective January 1, 1994, to January 1, 1995. The policy provides coverage for damages caused by an "employee benefits incident" only if the claim for damages is made within the policy period and the " 'employee benefits incident' did not occur before the Retroactive Date, if any, shown in the Declarations". The declarations page of the policy does not specify a retroactive date.

One of IFR's former employees commenced an action against it on or about April 26, 1994, during the policy period. However, the incident upon which the claim was based occurred prior to the effective date of the policy. IFR notified Fidelity of the claim in early January 1995. After Fidelity disclaimed coverage, IFR commenced this action seeking, *inter alia,* declaratory relief.

The Supreme Court properly granted Fidelity's motion for summary judgment. Contrary to IFR's contention, the terms of the policy are clear and unambiguous. Because the policy does not specify a retroactive date, there is no retroactive coverage for incidents that occurred before the effective date of the policy (*see,* 11 NYCRR 73.1 [b]).

In any event, IFR failed to provide notice of the claim "as

soon as practicable" and also failed to "immediately" forward a copy of the summons and complaint to Fidelity as required by the policy. IFR's eight-month delay in notifying Fidelity was a breach of its contractual obligations and vitiated any coverage afforded by the policy. IFR did not meet its burden of demonstrating that the delay was excusable (*see, Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721).

We note that since this is, in part, a declaratory judgment action, a judgment should be entered granting declaratory relief in favor of Fidelity (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.