■ KOREA FIRST BANK OF NEW YORK, Respondent, v CHUNG JAE CHA, Also Known as CHOONG JAE CHA, Appellant, et al., Defendants. KOREA FIRST BANK OF NEW YORK, Respondent, v CHANG SIK CHOI, Doing Business as RESTAURANT I-9, et al., Defendants, and YOUNG RAE CHO, Also Known as YONG NAE CHO, Appellant. [687 NYS2d 124] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 26, 1998, in favor of plaintiff in the amount of $105,122.52, plus interest, costs and attorneys' fees, unanimously reversed, on the law, without costs, and the judgment vacated, and order, same court and Justice, entered December 29, 1997, which, *inter alia*, granted plaintiff's motion for summary judgment in lieu of complaint against appellants on their guarantees, unanimously modified, on the law, to grant partial summary

judgment in lieu of complaint on the issue of liability only, and the matter remanded for a hearing on the issue of damages and the reasonableness of the claimed attorneys' fees, and otherwise affirmed, without costs.

The assertion of defendant Young Rae Cho, also known as Yong Nae Cho (Cho) that he accompanied defendant Chang Sik Choi, doing business as Restaurant I-9 (Choi) merely to act as a reference and append his name, signature and the date to a blank piece of paper is inherently incredible and insufficient to establish a triable issue of fact (*see*, *Abramovitz v Paragon Sporting Goods Co.*, 202 AD2d 206), particularly since the printed guaranty was found to be on the reverse side of the signature page.

The identical guarantees, individually signed by Cho and defendant Chung Jae Cha also known as Choong Jae Cha (Cha), explicitly apply to all "existing and future bills, notes, checks, drafts and all other existing or future debts or liabilities," and Cha's purported reliance on oral representations that the guaranty was limited to one contemporaneous loan cannot defeat the clear and unambiguous terms of the guaranty (*see*, *Chemical Bank v Sepler*, 60 NY2d 289, 293-294; *Marine Midland Bank v Embassy E.*, 160 AD2d 420, 422). Similarly, the guarantees stated that plaintiff bank could extend the time of payment without notice to the guarantors, and thus the extensions granted the debtor did not constitute a release or waiver.

While the need to refer to underlying Credit Notes does not defeat CPLR 3213 treatment of the guarantees (*see*, *Manufacturers Hanover Trust v Green*, 95 AD2d 737, *appeal dismissed* 61 NY2d 760), the amount of the loan to Choi and the amount outstanding, if any, is unsupported by documentary evidence, which evidence is in the exclusive control of plaintiff (and defaulting defendant Choi), and therefore cannot be determined at this stage (*see*, *Tavares v 474 W. 150th St. Corp.*, 210 AD2d 117). Accordingly, we modify to limit the grant of summary judgment to the issue of liability and remand for further proceedings on the issue of the amount of the loan due and owing.

The IAS Court did not undertake any inquiry on the record into the reasonableness of the contractual 15% attorneys' fee rate, and that issue is therefore also remanded and is to be determined in accordance with the rule set forth in *Matter of First Natl. Bank v Brower* (42 NY2d 471, 474).

We have considered appellants' other arguments and find them to be unpersuasive. Concur—Ellerin, P. J., Lerner, Andrias and Saxe, JJ.