■ Yunus Zaveri et al., Appellants, v Rosy Blue, Inc., et al., Respondents. [771 NYS2d 517]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered October 31, 2002, which, inter alia, granted defendants' motion for summary judgment insofar as to dismiss all portions of the complaint except those seeking recovery for unpaid commissions allegedly earned by plaintiff on actual sales made by him during his employment with defendants as a sales representative, unanimously affirmed, without costs.

The alleged oral agreement obligating defendants to pay plaintiff commissions on sales made subsequent to the termination of his employment with defendants is unenforceable under the statute of frauds (*see Guterman v RGA Accessories*, 196 AD2d 785 [1993]). Plaintiff's contention that defendants should be estopped from relying on the statute of frauds is unavailing because there is no proof of unconscionable injury attributable to plaintiff's reliance upon defendants' promises (*see Melwani v Jain*, 281 AD2d 276 [2001]). In any event, absent a specific and

definite contract provision—and none is cited here—plaintiff would not be entitled to recover commissions on goods provided by him to Macy's West on consignment during his employment with defendants, but not sold until after his employment terminated (*see Yudell v Ann Israel & Assoc.*, 248 AD2d 189 [1998]; *Mackie v La Salle Indus.*, 92 AD2d 821 [1983], *appeal dismissed* 60 NY2d 612 [1983]). Moreover, plaintiff's assertion that he was entitled to commissions upon the placement of an order is inherently incredible (*see Korea First Bank of N.Y. v Chung Jae Cha*, 259 AD2d 378 [1999]), conflicting as it does with plaintiff's complaint and affidavit, which state that plaintiff was to receive 1.5% "of all sales."

Finally, in light of plaintiff's admission that he never contacted the Macy's East buyer and the evidence that another sales representative had established a relationship with the Macy's East representative on defendants' behalf prior to the time plaintiff allegedly was referred to that buyer, it is clear that plaintiff has no tenable claim to having "obtained" the Macy's East account. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.