■ MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., Respondent, v TRATAROS CONSTRUCTION, INC., et al., Appellants. [819 NYS2d 223]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered May 20, 2005, in favor of plaintiff lender

and against defendants borrower and guarantor in the amount of $6,773,447.75, unanimously affirmed, with costs.

The subject guarantee is plainly a continuing one under which the individual defendant was obligated to pay, when due, all of the corporate defendant's indebtedness to plaintiff whether or not extended with the individual defendant's consent or existing at the time the guarantee was executed (*see Korea First Bank of N.Y. v Chung Jae Cha*, 259 AD2d 378, 379 [1999]). In any event, liability against the individual defendant was also established by documentary evidence showing that he had agreed, in his personal capacity, to each of the five increases in credit extended by plaintiff to the corporate defendant. The amount of the indebtedness was established by the self-authenticating monthly statements of account sent to defendants and setting forth the balance due on the loan (*see Elkaim v Elkaim*, 176 AD2d 116, 117 [1991], *appeal dismissed* 78 NY2d 1072 [1991]). Moreover, a proper business records foundation for these statements was laid by plaintiff's witness, who testified, inter alia, that plaintiff relies on these statements in the regular course of its business even though they were prepared not by plaintiff but for plaintiff by a sister company (*see People v Cratsley*, 86 NY2d 81, 89-91 [1995]). Concur—Mazzarelli, J.P., Andrias, Gonzalez, Sweeny and McGuire, JJ.