■ LANDMARK CAPITAL INVESTMENTS, INC., Respondent, v LI-SHAN WANG, Appellant, et al., Defendant. [941 NYS2d 144]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 22, 2010, awarding plaintiff the total amount of $69,211.12, unanimously affirmed, with costs. Judgment, same court (Louis Crespo, Special Ref.), entered December 22, 2010, which awarded plaintiff attorneys' fees in the total amount of $21,489.60, unanimously affirmed, with costs.

The record supports the finding that defendant Wang (defendant) was properly served. The detailed description of the service attempts on defendant and of the interior of defendant's building supported the determination that the process server was credible. Although the process server was under investigation for improper record keeping by the Department of Consumer Affairs, the relevant portions of the record support the finding that his version of facts was accurate (*cf. Matter of Barr v Department of Consumer Affairs of City of N.Y.*, 70 NY2d 821 [1987]).

Plaintiff established its entitlement to judgment as a matter

of law by relying in part on the original loan file prepared by its assignor. Plaintiff relied on these records in its regular course of its business (*see Merrill Lynch Bus. Fin. Servs. Inc. v Trataros Constr., Inc.*, 30 AD3d 336, 337 [2006], *lv denied* 7 NY3d 715 [2006]). Defendant failed to raise a triable issue as to whether plaintiff was "doing business in this state without authority," which, under Business Corporation Law § 1312 (a), would preclude it from bringing suit. Although plaintiff often purchased debt held by New York debtors, this, as an activity carried on by an Ohio company with no offices or employees in New York, is not sufficient to constitute doing business under section 1312 (*see Beltone Elecs. Corp. v Selbst*, 58 AD2d 560 [1977]).

Defendant also failed to raise a triable issue on her defense of fraudulent inducement. Defendant did not allege any misstatement by the maker of the loan. Rather, she asserted that she signed the guaranty without knowing what it was, which does not constitute a defense (*see Imero Fiorentino Assoc. v Green*, 85 AD2d 419, 420 [1982]). Nor did the court abuse its discretion in allowing plaintiff to make a second summary judgment motion correcting certain defects, where that motion clearly enhanced judicial efficiency (*see Detko v McDonald's Rests. of N.Y.*, 198 AD2d 208, 209 [1993], *lv denied* 83 NY2d 752 [1994]).

We have considered the remaining arguments and find them unavailing. Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.