■ VALLEY NATIONAL BANK, Respondent, v INI HOLDING, LLC, et al., Appellants. [945 NYS2d 97]—

In an action to recover on a revolving line of credit agreement and guaranty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated October 5, 2011, as granted that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to recover the outstanding principal balance of $77,777.78.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause, a subsequent summary judgment motion may be properly entertained when it is substantively valid and when the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the resources of the courts (see Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d 418, 419 [1st Dept 2012]; Town of Angelica v Smith, 89 AD3d 1547, 1549 [2011]; Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v Fleming, 32 AD3d 566, 567 [2006]; Rose v Horton Med. Ctr., 29 AD3d 977, 978 [2006]; Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39 [2002]; Mount Vernon Fire Ins. Co. v Timm, 237 AD2d 586, 587 [1997]; Detko v McDonald's Rests. of N.Y., 198 AD2d 208, 209 [1993]). Contrary to the defendants' contention, under the circumstances present here, the Supreme Court providently exercised its discretion in entertaining the plaintiff's motion for summary judgment.

The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law against the defendants by submitting proof of the underlying credit agreement, the individual defendant's personal guaranty of the corporate defendant's obligations under the credit agreement, and the corporate defendant's failure to pay the outstanding principal balance of $77,777.78, in accordance with the terms of the credit agreement (see HSBC Bank USA, N.A. v Laniado, 72 AD3d 645, 645 [2010]). In opposition, the defendants failed to raise a triable issue of fact as to whether they were fraudulently induced into entering into the credit agreement by an oral promise that the line of credit

would never be canceled (see generally *Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]; *Tarantul v Cherkassky*, 84 AD3d 933, 934 [2011]; *Laxer v Edelman*, 75 AD3d 584, 586 [2010]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to recover the outstanding principal balance of $77,777.78. Rivera, J.P., Chambers, Roman and Miller, JJ., concur.