■ Raymond Burbige, Appellant-Respondent, v Siben & Ferber, a Partnership Consisting of Steven B. Ferber and Gary L. Siben, et al., Respondents-Appellants. [58 NYS3d 562]—

In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered April 21, 2015, as denied his cross motion for summary

judgment on the issue of liability and to impose sanctions upon the defendants' attorney pursuant to 22 NYCRR 130-1.1, and the defendants cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause (*see Valley Natl. Bank v INI Holding, LLC*, 95 AD3d 1108 [2012]). However, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross motion for summary judgment as a successive motion, and declining to reach the merits on the issue of liability (*see Town of Angelica v Smith*, 89 AD3d 1547, 1549 [2011]).

" 'To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages' " (*Atiencia v Pinczewski*, 148 AD3d 860, 860 [2017], quoting *Rojas v Paine*, 125 AD3d 745, 746 [2015]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813 [2013]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice" (*Scartozzi v Potruch*, 72 AD3d 787, 789-790 [2010]; *see Suydam v O'Neill*, 276 AD2d 549, 550 [2000]).

Here, contrary to the Supreme Court's determination, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendants' submissions in support of their motion for summary judgment did not establish, prima facie, that the plaintiff will be unable to prove at least one element of his legal malpractice claim (*see Kempf v Magida*, 116 AD3d 736, 736 [2014]; *Barnave*

*v Davis*, 108 AD3d 582 [2013]; *Alizio v Feldman*, 82 AD3d 804 [2011]). Furthermore, the defendants failed to establish, prima facie, that the plaintiff did not sustain "actual and ascertainable damages" as a result of the defendants' alleged neglect of the underlying action (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Suydam v O'Neill*, 276 AD2d at 550).

In addition, the plaintiff's opposition papers raised a triable issue of fact as to whether the defendants' lengthy delay in prosecuting the underlying action was a proximate cause of the plaintiff's loss (*see Shopsin v Siben & Siben*, 268 AD2d 578, 578-579 [2000]). The plaintiff's reliance upon the same evidence in support of that branch of his cross motion which was for summary judgment on the issue of liability was similarly insufficient to establish a prima facie case of legal malpractice (*see Feldman v Finkelstein & Partners, LLP*, 131 AD3d 505, 507 [2015]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability.

Contrary to the plaintiff's contention, he failed to establish that the conduct of the defendants' counsel was frivolous. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of his cross motion which was to impose sanctions upon the defendants' counsel pursuant to 22 NYCRR 130-1.1. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.