Alam v Uddin (2018 NY Slip Op 02763)





Alam v Uddin


2018 NY Slip Op 02763


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-10821
 (Index No. 13534/15)

[*1]Mohammad Alam, respondent, 
v
Md Gias Uddin, appellant.


Barry Silberzweig, New York, NY (Ellen Sakany of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a partnership agreement, the defendant appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated August 25, 2016. The order, insofar as appealed from, denied those branches of the defendant's cross motion which were to compel arbitration and stay all proceedings in the action pending arbitration or, in the alternative, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff alleges that in 2012, he entered into a partnership agreement with the defendant to form the corporation Bhat and Chowdhury, Inc., which now operates a store in Queens. In November 2015, the plaintiff commenced this action against the defendant for an accounting and to recover damages for the defendant's alleged breach of the partnership agreement and of his fiduciary duties to the plaintiff. In his answer, the defendant denied the validity of the partnership agreement. He alleged that his signature on the agreement was forged and that he is the sole owner of Bhat and Chowdhury, Inc. The defendant asserted various counterclaims, seeking, among other things, a judgment declaring that the purported partnership agreement is a forgery and therefore null and void.
On March 16, 2016, the defendant moved, inter alia, to compel arbitration and stay all proceedings in the action pending arbitration or, in the alternative, for summary judgment dismissing the complaint. While maintaining that his signature on the partnership agreement was a forgery, the defendant argued that, nonetheless, because the purported partnership agreement included a broad arbitration clause, the matter should be sent to an arbitrator. He also argued that the partnership agreement was "invalid" pursuant to Partnership Law § 62 and, in any event, he terminated the partnership agreement in February 2013, when he told the plaintiff that he did not want to be in a partnership with him. On March 17, 2016, the plaintiff moved for various injunctive relief. The defendant then submitted a cross motion, dated April 6, 2016, in relation to the plaintiff's motion, seeking the same relief sought in his March 16, 2016, motion.
By order dated August 22, 2016, the Supreme Court denied the defendant's March 16, 2016, motion. It denied those branches of the motion which sought to compel arbitration and stay all proceedings in the action pending arbitration or, in the alternative, summary judgment dismissing the complaint, on the ground that the defendant failed to annex a copy of the purported [*2]partnership agreement referred to in his moving papers.
The Supreme Court disposed of the plaintiff's March 17, 2016, motion and the defendant's cross motion dated April 6, 2016, in an order dated August 25, 2016. As relevant here, the court denied the defendant's cross motion on the ground that he had sought the identical relief on his prior motion, which was disposed of in the order dated August 22, 2016. The defendant appeals from so much of the August 25, 2016, order as denied those branches of his cross motion which were to compel arbitration and stay all proceedings in the action pending arbitration or, in the alternative, for summary judgment dismissing the complaint. We affirm insofar as appealed from, albeit on grounds different from those relied upon by the Supreme Court.
As a general rule, multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause (see Burbige v Siben & Ferber, 152 AD3d 641, 642; Valley Natl. Bank v INI Holding, LLC, 95 AD3d 1108). However, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying those branches of the defendant's cross motion which were to compel arbitration and stay all proceedings in the action pending arbitration or, in the alternative, for summary judgment dismissing the complaint, as a successive motion, and declining to reach the merits of those issues (see Burbige v Siben & Ferber, 152 AD3d at 642; Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d 418, 419; Town of Angelica v Smith, 89 AD3d 1547, 1549). In this regard, we note that the plaintiff submitted copies of the partnership agreement in connection with his motion, and thus the document was before the court when it decided the plaintiff's motion and the defendant's cross motion (cf. Long. Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688, 691).
Where a party has applied for an order compelling arbitration, the court shall direct the parties to arbitrate if, among other conditions, "there is no substantial question whether a valid agreement was made" (CPLR 7503[a]). Here, the defendant alleged that his signature on the purported partnership agreement was a forgery and thus no valid agreement was made. Contrary to the defendant's contention, the question of forgery is a threshold question for the court and not an arbitrator to determine (see Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 598; Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 6; Ferrarella v Godt, 131 AD3d 563, 565). Therefore, the defendant failed to establish his entitlement to an order compelling arbitration and staying all proceedings in the action pending arbitration.
Nor did the defendant demonstrate his entitlement to summary judgment dismissing the complaint. Contrary to the defendant's contention, he failed to establish, as a matter of law, that the partnership agreement was invalid or that the partnership was dissolved in February 2013 (cf. Partnership Law § 62[1][b]). Furthermore, even if the defendant had established that the partnership was previously dissolved, such fact would not warrant dismissal of the complaint, which seeks an accounting and other relief to which the plaintiff would be entitled even had the defendant established that the partnership was dissolved (cf. Paul v Ascher, 106 AD2d 619, 620; Shandell v Katz, 95 AD2d 742, 743; De Martino v Pensavalle, 56 AD2d 589).
Accordingly, those branches of the defendant's cross motion which were to compel arbitration and stay all proceedings in the action pending arbitration or, in the alternative, for summary judgment dismissing the complaint, should have been denied on the merits.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court