Countrywide Home Loans, Inc. v Harris (2018 NY Slip Op 04451)





Countrywide Home Loans, Inc. v Harris


2018 NY Slip Op 04451


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Richter, J.P., Gische, Andrias, Kapnick, Singh, JJ.


381387/08 6903NA 6903N

[*1] Countrywide Home Loans, Inc., Plaintiff-Respondent,
v
Darek J. Harris, et al., Defendants, Gonzalo Dunia, Intervenor Defendant-Appellant.


Law Office of Carl E. Person, New York (Giancarlo Malinconico of counsel), for appellant.
Mavrides, Moyal, Packman & Sadkin, LLP, Lake Success (Erick R. Vallely of counsel), for respondent.



Orders, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about May 24, 2017, which, to the extent appealed from as limited by the briefs, denied intervenor defendant Gonzalo Dunia's motion to dismiss the complaint, and granted plaintiff's motion for summary judgment, striking Dunia's answer, unanimously affirmed, with costs.
The affidavit of the original plaintiff's (Countrywide Home Loans, Inc.) Assistant Secretary, asserting that she had reviewed the loan file, which was kept in the ordinary course of its business, and that Countrywide was the assignee of the note and mortgage from the original lender, Hogar Mortgage and Financial Services, Inc., and that Countrywide possessed the note and mortgage prior to commencement of the action, sufficiently established the admissibility of the note, and Countrywide's standing to commence the action. This, coupled with the documented assignments from the original lender to the instant plaintiff-assignee Solo Group LLC Series 9, and the affidavit of Solo Group's Managing Member, Matthew Solof, averring that he had reviewed the loan files for the borrower, which were kept in the ordinary course of its business, and that Solo Group is in possession of the original note since the commencement of the action, either directly or through its assignors, established the plaintiff's standing and legal capacity to sue upon the note and mortgage (see Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d 418, 419 [1st Dept 2012]; Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]; CPLR 4518[a]).
We have examined Dunia's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK