Bank of N.Y. Mellon v Aquino (2020 NY Slip Op 04142)





Bank of N.Y. Mellon v Aquino


2020 NY Slip Op 04142


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2016-10356
2017-07578
 (Index No. 7736/10)

[*1]Bank of New York Mellon, etc., appellant, 
v
Alberto Aquino, etc., et al., respondents, et al., defendants.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 22, 2016, and (2) an order of the same court entered June 2, 2017. The order entered June 22, 2016, denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Alberto Aquino and Elizabeth Aquino and for an order of reference, and granted those defendants' cross motion for an award of costs and attorney's fees. The order entered June 2, 2017, denied the plaintiff's motion to vacate an order of the same court (Martin J. Schulman, J.) entered February 22, 2016, directing dismissal of the action due to the plaintiff's failure to comply with a prior order of the same court (Martin J. Schulman, J.) entered January 22, 2016, and to restore the action to the active calendar.
ORDERED that the order entered June 2, 2017, is reversed, on the law and in the exercise of discretion, and the plaintiff's motion to vacate the order entered February 22, 2016, and to restore the action to the active calendar is granted; and it is further,
ORDERED that the order entered June 22, 2016, is reversed, on the law and in the exercise of discretion, the cross motion of the defendants Alberto Aquino and Elizabeth Aquino for an award of costs and attorney's fees is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Alberto Aquino and Elizabeth Aquino (hereinafter together the defendants). In an order entered May 21, 2013, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint. On a prior appeal, this Court modified the order entered May 21, 2013, and denied the plaintiff's motion for summary judgment on the complaint (see Bank of [*2]N.Y. Mellon v Aquino, 131 AD3d 1186).
In a status conference order entered January 22, 2016, the Supreme Court directed the plaintiff to appear at a final status conference on February 3, 2016, and to "file an application seeking an Order of Reference or the next applicable application by said conference date." The status conference order indicated that the failure to comply with its terms "may result in the dismissal of this action without prejudice." On February 3, 2016, the court issued an order (hereinafter the dismissal order) directing dismissal of the action, without prejudice, for failure to comply with the terms of the status conference order. That day, the plaintiff filed a motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. Evidence that was submitted subsequently to the court tended to show that the attorney who appeared at the conference on the plaintiff's behalf was unaware that the motion was being filed that day, and had requested an adjournment.
In an order entered June 22, 2016, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion for an award of costs and attorney's fees. The court concluded, among other things, that it was improper for the plaintiff to make a successive motion for summary judgment, and that the plaintiff's motion was frivolous so as to warrant an award of costs and attorney's fees in favor of the defendants. Later, in an order entered June 2, 2017, the court denied the plaintiff's motion to vacate the dismissal order entered February 22, 2016, and to restore the action to the active calendar. The plaintiff appeals from the order entered June 22, 2016, and the order entered June 2, 2017.
Under the circumstances of this case, even if the plaintiff were deemed to have failed to comply with the conditional status conference order, the plaintiff's motion to vacate the dismissal order should have been granted, since the plaintiff demonstrated a reasonable excuse for its failure to proceed and a potentially meritorious cause of action (see Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d 1173, 1174-1175).
"Multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" (Burbige v Siben & Ferber, 152 AD3d 641, 642). However, under the circumstances of this case, including that the status conference order specifically directed the plaintiff to move for an order of reference, we disagree with the Supreme Court's determination to deny the plaintiff's motion, inter alia, for summary judgment and an order of reference as a successive motion, and to decline to reach its merits (see id. at 642). Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's motion.
Moreover, since the defendants failed to establish that the plaintiff's conduct in moving, among other things, for summary judgment and an order of reference was frivolous, we disagree with the Supreme Court's determination to grant their cross motion for an award of costs and attorney's fees as a sanction for frivolous conduct (see 22 NYCRR 130-1.1).
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court