Wells Fargo Bank, N.A. v Smart (2022 NY Slip Op 03763)

Wells Fargo Bank, N.A. v Smart

2022 NY Slip Op 03763

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-08916
 (Index No. 700435/16)

[*1]Wells Fargo Bank, National Association, etc., appellant,
v
Glenford Smart, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Matthew B. Corwin and Schuyler B. Kraus of counsel), for appellant.
Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated May 16, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Glenford Smart and dismissing that defendant's first, second, and third affirmative defenses and first counterclaim, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Glenford Smart and dismissing that defendant's first, second, and third affirmative defenses and first counterclaim, and for an order of reference in accordance herewith.
On December 12, 2006, the defendant Glenford Smart (hereinafter the defendant) executed a note in favor of Option One Mortgage Corp. in the principal sum of $561,000. The note was secured by a mortgage on certain real property located in Springfield Gardens. The plaintiff was subsequently assigned the mortgage.
On or about May 23, 2011, the plaintiff commenced an action to foreclose the mortgage (hereinafter the first action) against the defendant, among others. The complaint in the first action was dismissed as abandoned by order of the Supreme Court dated August 11, 2015.
On January 14, 2016, the plaintiff commenced the instant action to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses and counterclaims. On or about February 13, 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the affirmative defenses and counterclaims asserted in the defendant's answer, and for an order of reference. As relevant to the instant appeal, in an order dated November 8, 2017, the Supreme Court denied those branches of that motion which were: (1) for summary judgment on the complaint insofar as asserted against the defendant, and (2) dismissing (a) the first affirmative defense, which alleged that the plaintiff lacked standing, (b) the second affirmative defense, which alleged that the plaintiff failed to comply with RPAPL 1304, (c) the third affirmative defense, which alleged that the plaintiff failed to comply [*2]with RPAPL 1306, and (d) the first counterclaim, which was to recover attorneys' fees and expenses pursuant to Real Property Law § 282.
Thereafter, in a status conference order dated April 11, 2018, the Supreme Court directed the plaintiff to appear at a final status conference on August 29, 2018, and to "file an application seeking an Order of Reference or the next applicable application by said conference date." The status conference order indicated that the failure to comply with its terms "may result in the dismissal of this action without prejudice."
On or about August 28, 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's first, second, and third affirmative defenses and first counterclaim, and for an order of reference. In the order appealed from, the Supreme Court denied those branches of the plaintiff's motion, concluding, among other things, that it was improper for the plaintiff to make a successive motion for summary judgment.
"Multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" (Burbige v Siben & Ferber, 152 AD3d 641, 642). However, under the circumstances of this case, including that the status conference order specifically directed the plaintiff to move for an order of reference, the Supreme Court improvidently exercised its discretion in denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's first, second, and third affirmative defenses and first counterclaim, and for an order of reference as a successive motion, and declining to reach the merits thereof (see Bank of N.Y. Mellon v Aquino, 185 AD3d 887, 889; Burbige v Siben & Ferber, 152 AD3d at 642). Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's first, second, and third affirmative defenses and first counterclaim, and for an order of reference.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court