Valley Natl. Bank v TDS Cab Corp. (2024 NY Slip Op 01264)

Valley Natl. Bank v TDS Cab Corp.

2024 NY Slip Op 01264

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Index No. 656315/22 Appeal No. 1805-1806 Case No. 2022-05614, 2023-03876 

[*1]Valley National Bank, Plaintiff-Respondent,
v
TDS Cab Corp., et al., Defendants, Dorothy Statharos et al., Defendants-Appellants.

Fox Rothschild LLP, New York (Micheal R. Lieberman of counsel), for appellants.
Zeichner Ellman & Krause LLP, New York (Bruce S. Goodman of counsel), for respondent.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J), entered December 22, 2022, awarding a money judgment in plaintiff's favor, and bringing up for review an order, same court and Justice, entered November 14, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff summary judgment against defendant guarantors Dorothy Stathros and City Transport Mgmt., Inc., unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff established prima facie entitlement to summary judgment by submitting documentary evidence of the existence of the loans and guaranties as well as defendant guarantors' failure to pay on those loans (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). Contrary to defendants' contention, the documents plaintiff submitted were properly authenticated by the affidavit of its vice president (see IRB-Brasil Resseguros S.A. v Eldorado Trading Corp. Ltd., 68 AD3d 576, 577 [1st Dept 2009]). The vice president attested that she verified the documents based on either her personal knowledge or a review of plaintiff's books and records, which were in her possession and made at or near the time of the event in question or transmitted in the regular practice and ordinary course of business from someone with knowledge of the transaction. She also attested that she had "personal knowledge of the manner in which the records were kept and use[d] them in the regular course of [her] business" (see DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146, 146 [1st Dept 2003]). Moreover, this Court has held that a plaintiff may rely on an original loan file prepared by its assignor if it relies on those records in its regular course of business (see Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d 418, 418-419 [1st Dept 2012]; see also Merrill Lynch Bus. Fin. Servs. Inc. v Trataros Constr., Inc., 30 AD3d 336, 337 [1st Dept 2006], lv denied 7 NY3d 715 [2006]).
As to defendants' rescission/reformation defense based on mutual mistake, they point to a notice of claim, filed on February 20, 2020, by the New York Attorney General's office against the City of New York, alleging that the City had a direct role in inflating the value of the taxi medallions (the collateral securing the loans) for its own benefit as well as that of other select individuals and entities. The argument is unavailing, as an unconditional guarantor, as in the case of defendants here, cannot allege a mutual mistake defense regarding the underlying contracts (see Deco Towers Assoc., LLC v Fisch, 219 AD3d 1245, 1247 [1st Dept 2023]).
Defendant guarantors' general argument that summary judgment is premature is also unavailing (see Tavarez v Castillo Herrasme, 140 AD3d 453, 454 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, [*2]FIRST DEPARTMENT.
ENTERED: February 14, 2024