■ Downey Savings and Loan Association, F.A., Plaintiff, v Dario Trujillo et al., Defendants. U.S. Bank National Association, as Successor in Interest to the Federal Deposit Insurance Corporation, as Receiver for Downey Savings and Loan Association, F.A., Nonparty Appellant; Chestnut Property Management Corp., Nonparty Respondent. [37 NYS3d 609]—

In an action to foreclose a mortgage, U.S. Bank National Association, as successor in interest to the Federal Deposit Insurance Corporation as receiver for Downey Savings and Loan Association, F.A., appeals (1) from an order of the Supreme Court, Kings County (Schack, J.), dated May 9, 2011, which denied its motion to confirm a referee's report and for a judgment of foreclosure and sale, without prejudice to renew within 60 days, and (2), as limited by its brief, from so much of an order of the same court dated August 12, 2011, as, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of a notice of pendency filed against the subject real property.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated August 12, 2011, as, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of a certain notice of pendency is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated May 9, 2011, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated August 12, 2011, is reversed insofar as appealed from, on the law, without costs or disbursements.

In 2008, Downey Savings and Loan Association, F.A. (hereinafter Downey), commenced the instant foreclosure action against, among others, the defendant Dario Trujillo. None of the defendants answered the complaint. In March 2009, Downey moved for an order of reference, and in July 2009, the Supreme Court granted the motion. In January 2011, the attorney for "the plaintiff" moved to confirm the referee's report and for a judgment of foreclosure and sale. In an affirmation in support of the motion, the attorney stated that in April 2009, the Federal Deposit Insurance Corporation, as receiver for Downey, assigned the subject note and mortgage to nonparty U.S. Bank National Association (hereinafter U.S. Bank). The attorney requested that the caption be amended to change the name of the plaintiff to U.S. Bank, as successor in interest to the Federal Deposit Insurance Corporation as receiver for Downey Savings and Loan Association, F.A.

By order dated May 9, 2011, the Supreme Court denied the motion "without prejudice to renew within 60 days" on the ground that an attorney affirmation in support of the motion, submitted pursuant to Administrative Order AO/548/10 of the Chief Administrative Judge of the State of New York, attesting to the accuracy of the documents submitted in support of the

motion, contained a false statement of fact. The court noted that the attorney affirmed that on December 24, 2010, she had communicated with an officer of Downey to confirm the accuracy of the documents submitted in support of the motion. However, the motion papers indicated that before that date Downey had become defunct and the note and mortgage had been assigned to U.S. Bank.

The attorney did not renew the motion within 60 days of the Supreme Court's order. On August 12, 2011, the court, inter alia, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of a certain notice of pendency filed against the subject real property. U.S. Bank appeals from the orders dated May 9, 2011, and August 12, 2011.

Administrative Order AO/548/10, which was issued by the Chief Administrative Judge on October 20, 2010, required the plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming that he or she "(a) has personally reviewed [the] plaintiff's documents and records relating to this case; (b) has reviewed the [s]ummons and [c]omplaint, and all other papers filed in this matter in support of foreclosure; and (c) has confirmed both the factual accuracy of these court filings and the accuracy of the notarizations contained therein" (*U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 909 [2013] [internal quotation marks omitted]; *see Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]). The Administrative Order requires the attorney to attest that the papers "contain no false statements of fact or law" (Administrative Order AO/548/10). A plaintiff's failure to file the mandatory attorney affirmation in compliance with the Administrative Order warrants denial of a motion for a judgment of foreclosure and sale (*see Wells Fargo Bank, N.A. v Hudson*, 98 AD3d 576, 578 [2012]). Here, since the subject affirmation contained an apparently false statement of fact, the Supreme Court providently exercised its discretion in denying the motion for a judgment of foreclosure and sale without prejudice to renew (*see* CPLR 2001).

However, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint with prejudice and in directing the cancellation of the notice of pendency. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]). Here, there were no extraordinary circumstances warranting dismissal of the complaint with prejudice and the cancellation of the notice of pendency (*see Aurora Loan Servs.,*

*LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]; *Bank of Am., N.A. v Bah*, 95 AD3d 1150, 1151-1152 [2012]; *U.S. Bank, N.A. v Guichardo*, 90 AD3d 1032, 1033 [2011]). Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.