[63 NYS3d 352]

BANK OF AMERICA, NATIONAL ASSOCIATION, Appellant, v SARAH BRANNON, Respondent. (And Other Actions.)

First Department, October 31, 2017

2

**APPEARANCES OF COUNSEL**

*Fein, Such & Crane, LLP*, Syracuse (*John A. Cirando, D.J. Cirando, Bradley E. Keem* and *Elizabeth deV. Moeller* of counsel), for appellant.

*Sarah Brannon*, respondent pro se.

**OPINION OF THE COURT**

ANDRIAS, J.

On January 18, 2007, defendant Sarah Brannon obtained a $360,000 loan from GE Money Bank (GE), secured by a mortgage on her home in the Bronx. GE indorsed the mortgage note in blank, making it a bearer instrument.

On September 17, 2007, plaintiff's agent, Litton Loan Servicing, LP, sent defendant a "Notice of Default and Intent to Accelerate" stating that defendant was in default for failing to pay amounts due and that the total amount needed to bring the loan current was $5,482.40 as of that date. On November 14, 2007, plaintiff commenced this foreclosure action alleging that defendant defaulted by failing to make the payment due on August 1, 2007. The mortgage was assigned to plaintiff by assignment dated November 29, 2007. In her answer, defendant, pro se, admitted that as of the date of the complaint she owed plaintiff $359,809.63 with interest from July 1, 2007, and did not raise any affirmative defenses.

In March 2008, plaintiff moved for summary judgment, supported, inter alia, by an affidavit of Denise Bailey, assistant secretary of Litton, and an affidavit of merit and amount due of Diane Dixon, assistant vice-president of Litton. In opposition, defendant asserted that she had been in contact with Litton regarding a loan modification and was awaiting a complete review. She did not dispute her default.

By order dated April 24, 2008, plaintiff was granted summary judgment and a referee was appointed to compute the amount due. On November 2, 2009, plaintiff assigned the mortgage to IFS Properties, LLC. On February 16, 2011, a settlement conference was held and the matter was released to the Foreclosure Part.

In April 2014, plaintiff, by new counsel, moved to vacate the April 24, 2008 order because the Bailey and Dixon affidavits may not have been correctly notarized under New York law, and counsel could not comply with the requirements of Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts. Plaintiff also moved for summary judgment anew, based upon an affidavit, sworn to April 18, 2014, of Matthew Mattera, a managing member of IFS, and an affirmation of counsel certifying the accuracy of Mattera's affidavit. In opposition, defendant asserted that Mattera could not affirm the relevant facts because he was an employee of IFS, not plaintiff, and his affidavit did not describe the records upon which he relied. Defendant also asserted that she had no notice of the assignment to IFS.

By order dated September 15, 2014, the court granted plaintiff's motion to vacate the April 29, 2008 order. However, the court denied summary judgment on the ground that the defects in the affidavits in support of the original summary

judgment motion were not mistakes, omissions or mere irregularities that could be cured by a new affidavit.

In November 2014, plaintiff again moved for summary judgment based on an affidavit of Mattera dated November 3, 2014. In opposition, defendant questioned the validity of the assignment of the loan by plaintiff to IFS and complained that IFS had not given her the opportunity to get a loan modification. Defendant no longer alleged that Mattera failed to establish that he could affirm the facts necessary to establish her default. By order dated December 22, 2014, the court denied plaintiff's motion for the reasons stated in its September 15, 2014 order.

In February 2015, plaintiff moved for summary judgment for a third time. In support, plaintiff submitted the indorsed-in-blank note, the mortgage, and the default notice. Plaintiff also submitted an affidavit of Mattera dated January 31, 2015, and an affirmation of counsel asserting that plaintiff had demonstrated a prima facie case for foreclosure and that defendant had failed to plead any affirmative defenses.

In opposition, defendant alleged that she was not properly notified that the note had been transferred to IFS and that she was improperly served with the motion. Defendant did not challenge the sufficiency of Mattera's affidavit or refute his allegations concerning her default. Plaintiff's counsel replied that the mortgage did not require notice of a sale or transfer be given to defendant; that defendant had waived the defense of standing when she failed to raise it in her answer; that, in any case, plaintiff had standing because it was the holder of the indorsed-in-blank note when the action was commenced; and that defendant was properly served.

By order dated March 10, 2015, the court denied the motion, stating that it did not believe that plaintiff understood that an action initiated on the basis of a false affidavit suffers from a fatal defect, which cannot be overcome with a subsequent affidavit. The court also stated that even if the error could be corrected in a new affidavit, the January 31, 2015 affidavit of Mattera was defective because it failed to indicate the state or county where the notarization took place.

■ We now reverse to grant plaintiff's third motion for summary judgment. The failings in the supporting affidavits to the original motion for summary judgment only affected the ability of the court to grant that motion, not the viability of the action as a whole. The substitution, nunc pro tunc, of newly-signed affidavits of merit in a mortgage foreclosure action, provided in

an effort to bring a plaintiff in compliance with Administrative Order AO/431/11, is permitted (*see U.S. Bank N.A. v Eaddy*, 109 AD3d 908 [2d Dept 2013]).

Furthermore, under the circumstances before us, the flaws in the notarization of Mattera's affidavit are not fatal to plaintiff's summary judgment motion (*see Matter of Cubisino v Cohen*, 47 NYS2d 952, 953-954 [Sup Ct, NY County 1944], *affd* 267 App Div 891 [1st Dept 1944]; *Fisher v Bloomberg*, 74 App Div 368, 369 [1st Dept 1902]; *see also Sirico v F.G.G. Prods., Inc.*, 71 AD3d 429, 434 [1st Dept 2010]; *Todd v Green*, 122 AD3d 831, 832 [2d Dept 2014]). Pursuant to CPLR 2101 (f) the court can disregard a defect in the uniform certificate of acknowledgment unless a defendant has demonstrated that a substantial right of hers has been prejudiced. As no prejudice has been shown by defendant, the alleged defect should have been disregarded (*see Bank of N.Y. Mellon v Vytalingam*, 144 AD3d 1070 [2d Dept 2016]; *see also* Executive Law § 142-a [2] [f] [official certificate of notary public shall not be deemed invalid due to "the fact that the action was taken outside the jurisdiction where the notary public or commissioner of deeds was authorized to act"]).

█ Plaintiff established standing by virtue of its possession of the indorsed-in-blank note at the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). It demonstrated its prima facie entitlement to judgment as a matter of law by providing evidence of the note and mortgage, and proof of defendant's default (*see Horizons Invs. Corp. v Brecevich*, 104 AD3d 475 [1st Dept 2013]). This included Mattera's affidavit of facts and defendant's answer in which she admitted that as of the date of the complaint she owed plaintiff $359,809.63 with interest from July 1, 2007, and denied knowledge or information sufficient to form a belief as to plaintiff's allegations that she "has/have failed to comply with the conditions of the mortgage and note by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of August 2007."

In opposition, defendant failed to provide evidence sufficient to raise an issue of fact as to an available defense. "Facts appearing in the movant's papers which the opposing party does not controvert, may be deemed to be admitted" (*Kuehne & Nagel v Baiden*, 36 NY2d 539, 544 [1975]). Defendant did not deny receiving the notice of default or that she had defaulted

in her obligations under the note and mortgage. Defendant also waived any standing defense, or defense based on plaintiff's alleged failure to comply with a condition precedent, since she did not raise those defenses in her answer, and did not bring a motion to dismiss the complaint on those grounds (*see Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 280-281 [1st Dept 2006], *appeal dismissed* 8 NY3d 837 [2007]; *1199 Hous. Corp. v International Fid. Ins. Co.*, 14 AD3d 383, 384 [1st Dept 2005]). Defendant's mere denial of receipt of service of the motion is insufficient to rebut the presumption of service (*Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]).

The dissent agrees that the motion court should have granted plaintiff summary judgment on its foreclosure claim based on defendant's answer, in which she admitted the amount she owed plaintiff and waived any challenge to plaintiff's standing. However, the dissent would hold, sua sponte, that plaintiff is not entitled to an order of reference because its counsel could not affirm the facts necessary to satisfy his obligations under Administrative Order AO/431/11.

Administrative Order AO/431/11, which amends Administrative Order AO/548/10, requires the plaintiff's counsel in a residential mortgage foreclosure action to file an affirmation confirming that he or she communicated with a representative of the plaintiff who confirmed the factual accuracy of the plaintiff's pleadings, supporting documentation and submissions to the court (*see Wells Fargo Bank, N.A. v Pabon*, 138 AD3d 1217, 1217-1218 [3d Dept 2016]). "The order incorporated two forms for this purpose—an affirmation to be filed by the plaintiff's counsel ('shall file'), and an affidavit to be filed by the plaintiff's representative ('may file')" (*Bank of N.Y. Mellon v Izmirligil*, 144 AD3d 1063, 1065 [2d Dept 2016]).

■ To fulfill his obligations under Administrative Order AO/431/11, plaintiff's counsel submitted an affidavit that comported with the form provided in Administrative Order AO/431/11. Counsel stated that on April 21, 2014, he had communicated with Mattera,

> "who informed me that he/she/they (a) personally reviewed Plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Complaint and any supporting affidavits or affirmations filed with the Court, as well as the accuracy of the notarization contained in the supporting documents filed therewith."

Counsel further stated:

> "Based upon my communication with Matthew Mattera as well as upon my own inspection and other reasonable inquiry under the circumstances, I affirm that, to the best of my knowledge, information, and belief, the Summons, Complaint, and other papers filed or submitted to this Court in this matter contain no false statements of fact or law. I understand my continuing obligation to amend this [a]ffirmation in light of newly discovered material facts following its filing."

The dissent finds this affidavit deficient, stating that "because Mattera's affidavits do not establish a complete review of, or the indicia of reliability necessary to lay a business records foundation for, the records predating IFS's acquisition of defendant's mortgage, counsel may not rely upon alleged communications with Mattera to comply with the requirements of the Administrative Order." However, defendant, who has continued to reside on the premises for the last 10 years without paying her mortgage, did not dispute her default or challenge the accuracy or sufficiency of Mattera's affidavit on the third summary judgment motion.

Furthermore, CPLR 4518 (a) does not require a person to have personal knowledge of each of the facts asserted in the affidavit of merit put before the court as evidence of a defendant's default in payment (*see Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017] ["There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518 (a), and the records themselves actually evince the facts for which they are relied upon"]; *Citibank, NA v Abrams*, 144 AD3d 1212 [3d Dept 2016]). Thus, in seeking to enforce a loan, an assignee of an original lender or intermediary predecessor may use an original loan file prepared by its assignor, when it relies upon those records in the regular course of its business (*see Landmark Capital Invs., Inc. v Li-Shan Wang*, 94 AD3d 418 [1st Dept 2012]; *see also State of New York v 158th St. & Riverside Dr. Hous. Co., Inc.*, 100 AD3d 1293, 1296 [3d Dept 2012], *lv denied* 20 NY3d 858 [2013] [records admissible "if the recipient can establish personal knowledge of the maker's business practices and procedures, or that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon by the recipient in its business"]).

Here, Mattera, a representative of IFS, which has held the note and mortgage since November 2009, satisfied these standards, stating that

"I make this affidavit with personal knowledge of the facts and circumstances herein which are derived from personal knowledge and/or an independent examination of the financial books and business records made in the ordinary course of business maintained by or on behalf of Plaintiff to be an accurate and fair representation of the occurrences with which the record purports to represent as well as business records relative to the within litigation. I am familiar with the record keeping systems that Plaintiff and/or its loan servicer uses to record and create information related to the residential mortgage loans that it services, including the processes by which Plaintiff and/or its loan servicer obtains the loan information in those systems. While many of those processes are automated, where the employees of the Plaintiff and/or its servicer manually enter data relating to loans on those systems, they have personal knowledge of that information and enter it into the system at or near the time they acquired that knowledge. The records relied upon are made in the regular course of business made at or about the time the event is being recorded, systematically made for the conduct of business and are relied upon as the accurate routine reflections of the day-to-day regularly conducted business activity and so they may be relied upon as being truthful and accurate. In connection with making this affidavit, I have personally examined these business records reflecting data and information as of January 31, 2015. . . .

"I have also reviewed Plaintiffs books and records, and the payments of principal and interest made by Defendant(s) to Plaintiff. Any allegation of either full or timely payment after default is simply not substantiated by these records. All notices of default as required in the Note have been sent as prescribed in the Mortgage . . . All time frames set forth in the notice and /or notices, as required by the Mortgage have elapsed and the Defendant(s)

have not taken the necessary action to correct the default and or defaults as specified herein and in the Complaint. . . .

"The simple uncontroverted fact is that Defendant, SARAH BRANNON, was loaned and did receive $360,000.00, as is confirmed by the Mortgage and Note. Defendant did not uphold this obligation, to the detriment of Plaintiff. Defendant breached his/her obligations under the Mortgage by failing to successfully tender funds for the August 1, 2007 payment and all successive payments thereafter."

These allegations sufficed to establish defendant's default and the basis of Mattera's knowledge. Mattera indicated that he was personally familiar with the recordkeeping systems of IFS and plaintiff and the loan servicer it used, that the records he relied on were made in the regular course of business and that he personally reviewed them on January 31, 2015 (*see JP Morgan Chase Bank, N.A. v Shapiro*, 104 AD3d 411, 412 [1st Dept 2013] ["Plaintiff submitted the affidavit of an employee who identified herself as having personal knowledge of, inter alia, plaintiff's status as successor-in-interest to WAMU and defendant Saadia Shapiro's default . . . based upon her review of plaintiff's books and records and its account records regarding Shapiro's delinquent account"]; *Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d 1199, 1200 [2d Dept 2016]). While the dissent finds the affidavit deficient because Mattera did not state that he was familiar with the records of GE, the default notice was sent by Litton, plaintiff's agent, and Mattera stated that he was familiar with the recordkeeping systems that plaintiff and/or its loan servicer used. He also stated that he personally reviewed plaintiff's books and records, and the payments made by defendant.*

---

\* In any event, where an action was pending on the effective date of Administrative Order AO/431/11, and no judgment of foreclosure has been entered, the order provides that the affirmation must be filed "at the time of filing either the proposed order of reference or the proposed judgment of foreclosure" (*U.S. Bank N.A. v Polanco*, 126 AD3d 883, 884-885 [2d Dept 2015] [internal quotation marks omitted]). Accordingly, even if Mattera's affidavit did not sufficiently set forth the basis for his knowledge, under the circumstances of this case, where defendant's default is not disputed and plaintiff has established its entitlement to summary judgment, the appropriate remedy would be to direct counsel to file a revised affirmation and affidavit pursuant to Administrative Order AO/431/11 with the proposed order of reference (*see Wilmington Trust Co. v Walker*, 149 AD3d 409 [1st Dept 2017]).

Accordingly, the order of the Supreme Court, Bronx County (Mark Friedlander, J.), entered March 17, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment and an order of reference, should be reversed, on the law, without costs, plaintiff's motion granted, and the matter remanded for appointment of a referee, to compute and ascertain the amount due plaintiff on the subject mortgage. The appeals from the orders of the same court and Justice, entered September 18, 2014, and December 24, 2014, which denied plaintiff's motions for summary judgment and related relief, should be dismissed, without costs, as academic.

GESMER, J. (dissenting in part). I respectfully dissent in part. In my view, the affidavit that Bank of America (BOA) submitted in support of its motion was deficient and failed to comply with Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts. Nonetheless, I agree with the majority that the motion court should have granted BOA summary judgment on its foreclosure claim, since this is the rare case where a foreclosure plaintiff was able to establish its prima facie case without reference to its own affidavit. Instead, BOA could rely solely on defendant's answer, in which she admitted the amount she owed to BOA and waived any challenge to BOA's standing (see Bank of N.Y. Mellon v Arthur, 125 AD3d 492, 493 [1st Dept 2015]; Security Pac. Natl. Bank v Evans, 31 AD3d 278, 281 [1st Dept 2006], appeal dismissed 8 NY3d 837 [2007]).

However, since the deficiencies in the affidavit submitted by BOA are substantial, I believe that we should follow the approach taken by our colleagues in the Second Department and hold that BOA was not entitled to an order of reference because the affidavit it submitted failed to establish that the affiant could affirm the facts necessary to satisfy BOA's and its counsel's obligations under Administrative Order AO/431/11 (Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1065 [2d Dept 2016]). This result is necessary to accomplish the purposes which that Administrative Order was intended to achieve.

In October 2010, Chief Judge Jonathan Lippman instituted a rule requiring plaintiffs in foreclosure actions to certify the

---

This would address the dissent's concerns that the referee have all necessary information relevant to the computations that he or she will have to undertake.

accuracy of the documents they present to the court. This requirement, embodied in Administrative Order AO/548/10, later amended by Administrative Order AO/431/11, was intended to prevent the practice of "robo-signing" (A. Gail Prudenti, *2014 Report of the Chief Administrator of the Courts* at 5-6, available at https://www.nycourts.gov/publications/pdfs/2014-Foreclosure-Report-ofthe-CAJ.pdf [accessed Sept. 14, 2017]). "Robo-signing" refers to "the robotic affixation of signatures on key papers in the case by those with no first-hand knowledge of the information contained in the papers they're signing" (252 Siegel's Practice Review, *Office of Court Administration's Power to Promulgate Affirmation Rule is Tacitly Upheld by Appellate Division* at 2 [Dec. 2012]).

Specifically, the Administrative Order requires counsel for a foreclosure plaintiff to file an affirmation confirming that he or she communicated with a representative of the plaintiff who personally reviewed the plaintiff's books and records, personally reviewed the summons, complaint and other submissions in the case, and confirmed the factual accuracy of the plaintiff's submissions as well as the accuracy of the notarization of those submissions (Admin Order of Chief Admin Judge of Cts AO/431/11 at form A, available at https://www.nycourts.gov/attorneys/pdfs/AdminOrder_2010_10_20.pdf [accessed Aug. 28, 2017] [Administrative Order]; *see also Izmirligil*, 144 AD3d at 1065; *Wells Fargo Bank, N.A. v Jones*, 139 AD3d 520, 521 n 1 [1st Dept 2016]). The Administrative Order prescribes the required form of the attorney affirmation and a sample affidavit of merit that may be used by the representative of the plaintiff (Administrative Order at forms A & B). For cases pending at the time of the order's effective date, where no judgment of foreclosure has been entered, this affirmation must be filed "at the time of filing either the proposed order of reference or the proposed judgment of foreclosure" (*Izmirligil*, 144 AD3d at 1065 [internal quotation marks omitted]).[1]

Our colleagues in the Second Department have refused to issue an order of reference and judgment of foreclosure and sale, when the plaintiff failed to submit the required affirmation

---

1.  On August 30, 2013, CPLR 3012-b, which requires that a certificate of merit be filed with the complaint in a mortgage foreclosure action, became effective. On that date, the Chief Administrative Judge of the Courts issued Administrative Order AO/208/13, which directs, as relevant here, that counsel representing a plaintiff in a mortgage foreclosure action commenced prior to August 30, 2013, may comply with either Administrative Order AO/431/11 or CPLR 3012-b.

(*see Bank of N.Y. Mellon v Izmirligil*, 144 AD3d 1067, 1070 [2d Dept 2016]; *Wells Fargo Bank, N.A. v Hudson*, 98 AD3d 576, 577-578 [2d Dept 2012]), or submitted an affirmation which was not "in compliance" with the Administrative Order (*see Downey Sav. & Loan Assn., F.A. v Trujillo*, 142 AD3d 1040, 1042 [2d Dept 2016]), even where the application was otherwise sufficient.

I submit that this is an appropriate case to follow the Second Department. In this case, counsel relies on the affidavit of Matthew Mattera, a "Member" of BOA's successor in interest, IFS. Mattera alleges, in each of his affidavits, as follows:

> "I make this affidavit with personal knowledge of the facts and circumstances herein which are derived from personal knowledge and/or an independent examination of the financial books and business records made in the ordinary course of business maintained by or on behalf of Plaintiff to be an accurate and fair representation of the occurrences with which the record purports to represent as well as business records relative to the within litigation. I am familiar with the record keeping systems that Plaintiff and/or its loan servicer uses to record and create information related to the residential mortgage loans that it services, including the processes by which Plaintiff and/or its loan servicer obtains the loan information in those systems. While many of those processes are automated, where the employees of the Plaintiff and/or its servicer manually enter data relating to loans on those systems, they have personal knowledge of that information and enter it into the system at or near the time they acquired that knowledge. The records relied upon are made in the regular course of business made at or about the time the event is being recorded, systematically made for the conduct of business and are relied upon as the accurate routine reflections of the day-to-day regularly conducted business activity and so they may be relied upon as being truthful and accurate. In connection with making this affidavit, I have personally examined these business records."

Mattera also alleges that he reviewed "[p]laintiff's books and records" and that "[a]ny allegation of either full or timely pay-

ment after default is simply not substantiated." In addition, Mattera alleges that defendant breached "his/her obligations" to tender the August 1, 2007 payment and all successive payments. These statements do not comply with the Administrative Order (see *Wells Fargo Bank, N.A. v Jones*, 139 AD3d at 521 n 1).[2]

In fact, Mr. Mattera's affidavit differs in two critical respects from the proposed principal's affidavit in the Administrative Order. First, that affidavit is written as if the affiant were a representative of the plaintiff. However, Mr. Mattera does not claim to have any relationship to plaintiff, BOA; rather, he claims to be a managing member of IFS, plaintiff's assignee.

Second, the proposed affidavit in the Administrative Order assumes that the mortgage has not been transferred, as demonstrated by this alternative language: "Inasmuch as the underlying mortgage loan has been transferred prior to commencement or during the pendency of this action, I am unable to confirm or deny that the underlying documents filed with the Court have been properly reviewed or notarized by the prior servicer" (Administrative Order at form B). In contrast, although Mr. Mattera acknowledges that the mortgage has been transferred, he does not explain his source of knowledge about the records maintained by plaintiff and its predecessor, GE Money Bank (GE), which was the original lender and mortgagee, and remained the mortgagee until after the date of defendant's default. Mr. Mattera does not claim to have reviewed the records of GE or to be familiar with GE's record-keeping practices. Instead, Mr. Mattera's affidavits only refer to his alleged review of the records of "plaintiff," i.e., BOA. Indeed, while the majority highlights that "in seeking to enforce a loan, an assignee of an original lender or intermediary predecessor may use an original loan file prepared by its assignor," there is no indication in the record that Mr. Mattera

---

2. The majority notes that defendant did not challenge the sufficiency of Mattera's affidavit in opposition to BOA's third summary judgment motion. However, defendant did raise such a challenge in opposition to BOA's first summary judgment motion. Defendant was a pro se litigant who could not be expected to know that she should have repeated her argument in opposition to each of BOA's successive summary judgment motions. Furthermore, "multiple summary judgment motions in the same action should be discouraged in the absence of newly discovered evidence or sufficient cause" (*Public Serv. Mut. Ins. Co. v Windsor Place Corp.*, 238 AD2d 142, 143 [1st Dept 1997]). Since BOA submitted what was substantively the same summary judgment motion three times over, defendant raised her argument in opposition to the only one of BOA's motions that was properly submitted.

reviewed GE's original loan file (*see Jones*, 139 AD3d at 521-522).

Mattera has also failed to allege facts sufficient to establish a business records foundation under CPLR 4518 (a) for the records of BOA, and its loan servicer, Litton, which he claims to have reviewed. Mattera is a member of IFS, which was assigned the mortgage on November 2, 2009. Mattera has not explained how he acquired personal knowledge of the record-keeping practices of BOA, or its loan servicer (*see Jones* at 521-522). Furthermore, Mattera does not provide the court with any assurances that the unidentified employees to whom he refers actually followed the practices he describes. Accordingly, Mattera's affidavits are bereft of the " 'indicia of reliability' " necessary for a representative of one entity to lay a business records foundation for the records of another entity (*see Jones*, 139 AD3d at 521, quoting *One Step Up, Ltd. v Webster Bus. Credit Corp.*, 87 AD3d 1, 11 [1st Dept 2011]; *see also People v Cratsley*, 86 NY2d 81, 90 [1995]).[3] Since Mattera cannot lay a business records foundation for the records of BOA or Litton that he claims to have reviewed, this Court "cannot rely on any statements in the [Mattera affidavits] concerning events before the date of [IFS's] acquisition of the mortgage" (*Jones*, 139 AD3d at 522).

Indeed, Mr. Mattera's lack of knowledge of events before 2009 is underscored by the discrepancy between his statement in the first of his three affidavits that BSI Financial was the loan servicer from the inception of the loan, and the 2007 notice of default in which Litton Loan Servicing claims to be the loan servicer.

The majority cites a number of cases in an effort to suggest that Mattera can lay a business records foundation for the records predating IFS's acquisition of the mortgage. However, in the majority's cases, the witness was able to provide the court with the necessary "indicia of reliability" that Mattera's affidavits lack (*id.* at 521 [internal quotation marks omitted]).

In each of *Citibank, NA v Abrams* (144 AD3d 1212, 1216 [3d Dept 2016]) and *Deutsche Bank Natl. Trust Co. v Naughton* (137 AD3d 1199, 1200 [2d Dept 2016]), the foreclosure plaintiff's

---

**3.** Mattera also cannot rely on the Bailey and Dixon affidavits for any of this information, both because BOA has conceded their impropriety, and because documents prepared in connection with litigation do not qualify for the business records exception to the rule against hearsay (*Jones*, 139 AD3d at 522).

agent was found to have sufficient knowledge of the plaintiff's record-keeping procedure to provide the "indicia of reliability" necessary to lay a proper business records foundation. Here, Mattera is a member of IFS which is merely BOA's successor in interest; he has not claimed that IFS has any agency relationship with GE, BOA, or BOA's agent, Litton.

In *State of New York v 158th St. & Riverside Dr. Hous. Co., Inc.* (100 AD3d 1293, 1296 [3d Dept 2012], *lv denied* 20 NY3d 858 [2013]), a representative of the Department of Environmental Conservation (DEC) laid a proper business records foundation for the records of an outside contractor when, inter alia, the records were generated at the DEC's direction and the DEC was the records' primary custodian. Mattera's affidavits lack any comparable factual details or indicia of reliability.

In *Landmark Capital Invs., Inc. v Li-Shan Wang* (94 AD3d 418, 419 [1st Dept 2012]), the foreclosure plaintiff relied upon an original loan file prepared by its assignor, a record that the plaintiff "relied on . . . in its regular course of its business." In this case, Mattera does not allege that IFS has incorporated BOA's records into its own records, or that IFS relies upon the records of BOA in the regular course of its own business or that he relied on or reviewed GE's records.[4]

Accordingly, because Mattera's affidavits do not establish a complete review of, or the indicia of reliability necessary to lay a business records foundation for, the records predating IFS's acquisition of defendant's mortgage, counsel may not rely upon alleged communications with Mattera to comply with the requirements of the Administrative Order.

Moreover, the accuracy of BOA's records remains relevant to the computations that a referee will have to undertake in this case. Denying an order of reference at this juncture, in order to ensure the accuracy of the records upon which those computations will be based, is our obligation under the Administrative Order.

---

**4.** *JP Morgan Chase Bank, N.A. v Shapiro* (104 AD3d 411 [1st Dept 2013]), also cited by the majority, does not address the issue of whether Mattera can lay a business records foundation for the records of BOA, because that case involved an affidavit by an employee of a foreclosure plaintiff, which stated that she reviewed the foreclosure plaintiff's books and records. The majority's reliance on *Citigroup v Kopelowitz* (147 AD3d 1014 [2d Dept 2017]) is similarly misplaced, since that case involved an affidavit from an employee of the plaintiff's loan servicer, who attested to reviewing records kept in the regular course of the loan servicer's business.

For all these reasons, I would follow the procedure prescribed by our colleagues in the Second Department and deny BOA's application for an order of reference (*Izmirligil*, 144 AD3d at 1070; *Trujillo*, 142 AD3d at 1042; *Hudson*, 98 AD3d at 577-578).

ACOSTA, P.J., RICHTER and KAHN, JJ., concur with ANDRIAS, J.; GESMER, J., dissents in part in a separate opinion.

Order, Supreme Court, Bronx County, entered March 17, 2015, reversed, on the law, without costs, plaintiff's motion for summary judgment and an order of reference granted, and the matter remanded for appointment of a referee, to compute and ascertain the amount due plaintiff on the subject mortgage. Appeals from orders, same court and Justice, entered September 18, 2014, and December 24, 2014, dismissed, without costs, as academic.