Deutsche Bank Natl. Trust Co. v Guevara (2019 NY Slip Op 02412)





Deutsche Bank Natl. Trust Co. v Guevara


2019 NY Slip Op 02412


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Tom, Gesmer, Singh, Moulton, JJ.


7358N 380447/11

[*1] Deutsche Bank National Trust Company, etc., Plaintiff-Respondent,
v
Julio Guevara, Defendant-Appellant, HSBC Bank USA, et al., Defendants.


Rubin & Licatesi, P.C., Garden City (Amy J. Zamir of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York (Benjamin Noren of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about June 6, 2017, which granted plaintiff's motion for summary judgment on its foreclosure complaint, reversed, on the law, with costs, and plaintiff's motion for summary judgment denied.
A plaintiff in a foreclosure action establishes standing by showing that it had either a written assignment or physical possession of the underlying note and mortgage prior to
commencement (Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d 695 [1st Dept 2012]; see also Aurora Loan Servs. v Taylor, 25 NY3d 355, 361 [2015]). Where, as here, a plaintiff cannot establish a written assignment prior to commencement, it must "adequately prove[] that it did, indeed, have possession of the note prior to commencement of this action" (Aurora Loan Servs., 25 NY3d at 362). A conclusory statement in an affidavit will not suffice (Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 524 [1st Dept 2016]). As shown below, plaintiff did not establish on its motion that it had possession of the note at the time of commencement, so it was not entitled to summary judgment.
The complaint alleges that, in February 2007, defendant Julio Guevara borrowed $499,120 from American Brokers Conduit (ABC) in connection with the purchase of his home in the Bronx.
On or about May 1, 2007, American Home Mortgage Assets LLC as depositor (AHMA), Wells Fargo Bank NA as servicer and securities administrator, and plaintiff Deutsche Bank National Trust Company as trustee entered into a Pooling and Servicing Agreement (PSA), pursuant to which AHMA agreed to transfer to plaintiff as trustee a group of mortgage and cooperative loans. Defendant's mortgage loan number and property appear to be listed on the Mortgage Loan Schedule associated with the PSA.
The PSA states, at page 36, that AHMA "has" caused the sponsor, American Home Mortgage Corp., to deliver to Deutsche Bank the original note, or a lost note affidavit, and an assignment of mortgage in connection with each of the pooled mortgage loans. However, there is no proof in the record that the note was in fact delivered.
On March 18, 2009, an Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for ABC to plaintiff as trustee for the AHMA trust dated March 11, 2009 was recorded. On October 5, 2010, a "Correcting Assignment of Mortgage" [*2]dated September 14, 2010 was recorded [FN1]. However, neither document mentions the note. In addition, neither demonstrates that AHMA had complied with the requirements of the PSA, which states that, as of May 1, 2007, AHMA "has" caused to be delivered to plaintiff an assignment of each mortgage to it as trustee.
Plaintiff commenced this foreclosure action on April 26, 2011, alleging that defendant had failed to make payments due under the note since August 1, 2008. Plaintiff did not attach a copy of the note to its complaint.
On or about September 17, 2014, plaintiff executed a power of attorney appointing Ocwen Loan Servicing, LLC (Ocwen) as its attorney-in-fact with power to enforce its rights with regard to loans included in the PSA.
Two years after that, on October 19, 2016, plaintiff moved for summary judgment. Plaintiff submitted an affidavit by Kyle Lucas, an employee of a company whose indirect subsidiary is Ocwen. Lucas alleged that plaintiff had had physical possession of the note since June 6, 2007, but he failed to identify any document which provided the basis for his knowledge. A copy of defendant's note, endorsed in blank by ABC, was attached to plaintiff's summary judgment motion. However, there is nothing in the record that proves when the note was physically delivered to plaintiff.
In response, defendant raised a triable issue of fact by pointing out that plaintiff's affiant did not claim to have personal knowledge of the relevant facts, including the circumstances of the alleged physical delivery of the note to plaintiff, and failed to substantiate his claim that plaintiff had physical possession of the note prior to commencement.
Ocwen did not have authority to act on plaintiff's behalf until September 17, 2014. Therefore, Lucas cannot and does not claim to have personal knowledge of the claim that plaintiff came into physical possession of the note in 2007. Instead, he claims to rely on his review of the business records of Ocwen, plaintiff, and their agents. Specifically, he alleges that "the physical transfer to plaintiff was later memorialized" in the 2009 "Assignment of Mortgage" and 2010 "Correcting Assignment of Mortgage."
However, as discussed above, neither of those documents mentions the note, much less memorializes its physical delivery to plaintiff as of June 6, 2007, or at any time before commencement of this action on April 26, 2011. Nor does the PSA establish that the note was in fact delivered by AHMA to plaintiff in 2007, since it is not a sworn statement. Moreover, the assignment of defendant's mortgage was not executed and effective until, at the earliest, March 8, 2009. Therefore, unlike the plaintiff in Nationstar Mtge. LLC v Accardo (159 AD3d 662 [1st Dept 2018], lv denied 31 NY3d 1132 [2018]), Lucas failed to attach "corroborating documentary evidence" showing that plaintiff had physical possession of the note before commencement (id. at 662; see also Aurora Loan Servs., 25 NY3d at 362 [allonge in attachments to note "clearly show the note's chain of ownership"]).
Our dissenting colleague takes the position that the documents attached to the Lucas affidavit make it "clear that both the mortgage and note had been assigned to plaintiff." We disagree. To support his statement that the mortgage had been delivered to plaintiff before commencement, Lucas relied solely on certain assignments attached to his affidavit. However, those documents only purport to assign the mortgage, and say nothing about an assignment or physical transfer of the underlying note. Even plaintiff does not claim that the original lender, ABC, ever executed a written assignment of the note to it. Plaintiff only claims that it had physical possession of the note as of June 6, 2007, but fails to offer any proof of this, either in the form of an affidavit by one with personal knowledge of that fact, or documents establishing it. Consequently, contrary to the statements in the opposing writing, there is no documentary support at all for the claim that plaintiff had physical possession of the note, or an assignment of it.
Contrary to the dissent's statement, the facts of this case are entirely distinguishable from [*3]those in Aurora Loan Servs. There, the Court of Appeals found that the plaintiff had established that it had physical possession of the note four days prior to commencement by: (1) producing an allonge indorsing the note to the plaintiff and showing the chain of possession history from the original lender to the plaintiff, as was required by the PSA in that case; and (2) submitting an affidavit by its legal liaison stating that she had personally viewed the original note, which had been in the bank's possession since four days before commencement [FN2]. Moreover, in Aurora, the affiant was acting as the plaintiff's agent at the time the affiant claimed the plaintiff had obtained physical possession of the note and at the time of commencement. Here, the affiant's employer's subsidiary obtained power of attorney to act on plaintiff's behalf more than seven years after plaintiff allegedly obtained physical possession of the note and more than three years after commencement of the action.
Accardo, also cited by our dissenting colleague, is similarly distinguishable from this case. There, the plaintiff established possession of the note prior to commencement by attaching the note to the complaint and submitting the affidavit of its vice president to which was attached the "corroborating documentary evidence" on which the affiant relied.
All concur except Tom and Singh, JJ.
who dissent in a memorandum by
Tom J. as follows:




TOM, J. (dissenting)


Since I conclude that the affidavit of the senior loan analyst for Ocwen Financial Corporation acting on behalf of plaintiff, considered with the documentation in the record, was sufficient to support the action of foreclosure under the principles set forth by the Court of Appeals in Aurora Loan Servs., LLC v Taylor (25 NY3d 355, 361 [2015]), thus warranting an affirmance, I respectfully dissent.
The facts in this matter are largely undisputed. Defendant Julio Guevara purchased a house at 1055 Manor Avenue in the Bronx in February 2007. At that time, he borrowed $499,120.00 from American Brokers Conduit. The loan was memorialized in a note and secured by a mortgage on the property. The loan was pooled and securitized and sold into a residential mortgage backed security trust, American Home Mortgage Asset Trust 2007-3. The securities issued by this trust were Mortgage Backed Pass-Through Certificates Series 2007-3. The trustee of the trust is Deutsche Bank National Trust Company. Ocwen Loan Servicing LLC is the loan servicer and attorney in fact for the Trustee. Ocwen's parent is Ocwen Financial Corporation.
After transfer of the mortgage to the trust, defendant defaulted on the mortgage payments. As of August 2008, defendant failed to make monthly payments. Defendant was sent a default letter in July 2010. Plaintiff commenced this action for foreclosure in April 2011.
In support of its motion for summary judgment, plaintiff submitted an affidavit from Kyle Lucas, a Senior Loan Analyst employed by Ocwen Financial Corporation, the parent company of Ocwen Loan Servicing LLC, the loan servicer and attorney in fact for the trustee. Attached to the affidavit were a limited power of attorney, the 2007 pooling agreement, the February 15, 2007 Truth-in-Lending Disclosing Statement which identify the loan number as 1600777, the note of the same date with this identical loan number and address, the mortgage loan document and the assignment of the mortgage from the Mortgage Electronic Registration Systems, Inc., to plaintiff as the new lender, dated March 12, 2009, with the same loan number and address, and a 2010 corrected assignment. These documents considered together made clear that both the mortgage and note had been assigned to plaintiff, and that they came into plaintiff's possession in 2009. The Lucas affidavit satisfactorily established that plaintiffs remained in [*4]possession of the documents when the action was commenced in 2011. Straining further for additional documents or averments should not be required to establish plaintiff's standing in this case.
Lucas averred that his job duties "include reviewing the computerized systems, together with the proprietary and business records of Ocwen, Plaintiff, and their agents which are made in the regular course of business and are in the possession, custody and control of Ocwen, Plaintiff, and their agents. It is within my responsibilities as a loan analyst to review the records of Ocwen, Plaintiff, and their agents, review and sign certifications and affidavits, and I am authorized to sign this Affidavit on behalf of Plaintiff" (emphasis added).
Lucas further averred that he "thoroughly reviewed the computerized systems, together with the proprietary and business records of Ocwen, Plaintiff and their agents, which are maintained in the ordinary course, concerning the loan described in the complaint, including but not limited to, the original note and mortgage, note possession history and payment history concerning the subject loan" (emphasis added).
Based on his review, Lucas averred that the note and mortgage were physically delivered to plaintiff, which has been in continuous possession of the note since June 6, 2007. He also confirmed that defendant defaulted under the terms of the note and mortgage by failing to make payments since August 1, 2008, and had been sent a default letter and multiple copies of a 90 day pre-foreclosure notice.
Standing in these mortgage foreclosure actions is established by showing that the plaintiff is the holder or assignee of the subject note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). Here, the affidavit by Lucas is sufficient to show that plaintiff had possession of the note when the action was commenced in 2011 (see e.g. Nationstar Mtge., LLC v Cogen, 159 AD3d 428, 429 [1st Dept 2018]). In opposition, defendant borrower Julio Guevara offered no evidence to contradict Lucas's factual averments and thus failed to raise an issue of fact. Notably, defendant does not contest the fact that he has defaulted in the loan payments since August, 2008.
The majority apparently finds that the affidavit is deficient because Lucas did not use the word "personally" to describe his own thorough review of the pertinent records and because he did not utilize the phrase "personally familiar" to describe his understanding of the plaintiff's record-keeping practices. However, no magic words are required. It is clear from Lucas's affidavit that he, in fact, personally reviewed the relevant loan records, which he stated are made and kept in the ordinary course of business.
Indeed, Lucas averred that he had "thoroughly reviewed" the records, which were kept in the ordinary course of business. His thorough review is inherently a personal one. Thus, he has acquired personal knowledge of the contents of the loan documents he reviewed. Further, Lucas's job duties and responsibilities as a senior loan analyst included reviewing the computer and other business loan records of Ocwen and plaintiff and thus we can infer that he was personally familiar with plaintiff's record-keeping practices. Yet, the majority chooses to elevate form over substance concerning the validity of the Lucas affidavit.
Although in Bank of Am. v Brannon (156 AD3d 1 [1st Dept 2017]), the representative of the party that had held the note and mortgage since 2009 stated that he made his affidavit with "personal knowledge" and based on his examination of the records, and stated he was "familiar" with the plaintiff's record-keeping systems that case does not stand for the proposition that those exact words are required to deem an affidavit sufficient in these cases. Rather, we should look to the fact that the substance of Lucas's affidavit is essentially identical to the affidavit in Brannon. We held in Brannon that the affiant's familiarity with the record-keeping systems used by the plaintiff bank and/or its loan servicer is sufficient. In sum and substance, the Lucas affidavit achieves that result, notwithstanding the omission of phrasing that Lucas was "personally" knowledgeable about plaintiff's record keeping. Nor does Nationstar Mtge. LLC v Accardo (159 AD3d 662 [1st Dept 2018]) require a different result. That the plaintiff in Nationstar attached a copy of the note to the complaint was sufficient, but that does not compel any conclusion that producing a copy of the note was necessary.
Simply stated, plaintiff herein established standing by virtue of its possession of the [*5]endorsed-in-blank note at the commencement of this action (see Aurora, supra, 25 NY3d at 361—362) and demonstrated its prima facie entitlement to judgment as a matter of law by providing evidence of the note and mortgage, and proof of defendant's default.
Almost identical to the facts in Aurora, the evidence here showed that as of 2007, Deutsche, as trustee under the pooling agreement, became the lawful owner of the note. The Lucas affidavit establishes that plaintiff came into possession of the note on June 6, 2007, four years prior to the commencement of the foreclosure action. From such specific statements, together with proof of plaintiff's authority and the limited power of attorney, the Court of Appeals in Aurora agreed with the Second Department's holding that "[i]t can reasonably be inferred . . . that physical delivery of the note was made to the plaintiff" before the action was commenced (see Aurora, 25 NY3d at 361, quoting Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629 [2d Dept 2014]). We should similarly infer in this case from the totality of the submitted evidence and Lucas's affidavit that physical delivery of the note (attached to his affidavit) was made to plaintiff before the action was commenced.
Notably, the Court of Appeals also held in Aurora that production of the original note is not required in this context (25 NY3d at 362), particularly where, as is also the case here, the witness examined the original note. Lucas even advised in a footnote in his affidavit that the original note and mortgage were available for discovery and inspection upon request.
Further, as we held in Brannon, Lucas was not required to have personal knowledge of each of the facts asserted in his affidavit, and plaintiff was entitled to use an "original loan file prepared by its assignor, when it relies upon those records in the regular course of its business" (Brannon, 156 AD3d at 8; see also Landmark Capital Invs., Inc. v Li—Shan Wang, 94 AD3d 418 [1st Dept 2012]; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296 [3d Dept 2012], lv denied 20 NY3d 858 [2013][records admissible "if the recipient can establish personal knowledge of the maker's business practices and procedures, or that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon by the recipient in its business"]).
Nor is plaintiff required to provide details of how, or
precisely when, the note was delivered (see Aurora, 25 NY3d at 361 [finding affidavit sufficient despite lack of details regarding how plaintiff came into possession of the note]; see also HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824 [2d Dept 2017] ["the plaintiff was not required to provide factual details of the delivery to establish how it came into possession of the note"]). Rather, where an affidavit satisfies the business record foundation, and states the exact date the note was received, it should be sufficient (Aurora, 25 NY3d at 361).
Accordingly, I would affirm the order granting plaintiff's motion for summary judgment on its foreclosure complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK



Footnotes

Footnote 1:This document states that the notarization on the 2009 assignment was improper.

Footnote 2:For these reasons, we respectfully disagree with our dissenting colleague's reading of Aurora as standing for the proposition that a bare statement of "the exact date the note was received . . . is sufficient" to establish standing (see also Wells Fargo Bank, 139 AD3d at 524).