Bank of N.Y. Mellon v Davis (2022 NY Slip Op 05586)

Bank of N.Y. Mellon v Davis

2022 NY Slip Op 05586

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 850339/13 Appeal No. 16333 Case No. 2022-00370 

[*1]The Bank of New York Mellon Formerly Known as The Bank of New York as Trustee (CWALT 2007-7T2), Plaintiff-Respondent,
v
Chester B. Davis, Sr., Defendant-Appellant.

Biolsi Law Group P.C., New York (Steven Alexander Biolsi of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore (Ruth O'Connor of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Arthur F. Engoron, J.), entered June 24, 2021, which granted plaintiff's motion to confirm the Referee report and the judgment of foreclosure and sale, unanimously affirmed, without costs.
Supreme Court had broad discretion in determining whether plaintiff established good cause for the delay in filing the second motion for summary judgment, and its determination will not be overturned unless it is improvident (Lewis v Rutkovsky, 153 AD3d 450, 453 [1st Dept 2017], citing Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129 [2000]). The fact that Supreme Court denied plaintiff's initial motion without prejudice and invited plaintiff to submit an affidavit that established the notice of default was mailed to defendant provided sufficient good cause to consider plaintiff's second motion for summary judgment (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 5-6 [1st Dept 2017]).
Plaintiff's second motion for summary judgment was supported by an affidavit of its current loan servicer who was familiar with how plaintiff serviced its mortgage loans and maintained its records and the procedures followed by the servicer to integrate the records of prior servicers. Based upon the current loan servicer's personal review, the loan was in default, resulting in a balance due of $1,197,543, and all pre-foreclosure notices had been properly mailed. That affidavit, along with actual copies of the notices and proof of mailings, provided a sufficient basis upon which to grant summary judgment in favor of plaintiff (see id.).
Supreme Court correctly determined that the bare challenges by defendant's counsel, devoid of any evidentiary offering or sworn statement from defendant, were insufficient and, based upon the evidence before it, including the admissible affidavits of payment history for the subject loan submitted by plaintiff, confirmed the Referee's report (see Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705, 706 [1st Dept 1985]). Supreme Court did not direct a hearing, and under the circumstances, no hearing was required (see Deutsche Bank Natl. Trust Co. v Williams, 134 AD3d 981 [2d Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022