Federal Natl. Mtge. Assn. v Adago (2023 NY Slip Op 04717)

Federal Natl. Mtge. Assn. v Adago

2023 NY Slip Op 04717

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 104723/09 Appeal No. 602 Case No. 2022-05040 

[*1]Federal National Mortgage Association etc., Plaintiff-Respondent,
v
Joseph Adago, Defendant-Appellant, 162 JDA, LLC et al., Defendants.

The David R. Smith Law Group PLLC, New York (David R. Smith of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York (Thomas M. Zegarelli of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about March 15, 2022, which granted plaintiff's motion for summary judgment on its foreclosure complaint and denied defendant Joseph Adago's cross-motion for summary judgment dismissing the action, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
In this action to foreclose on a mortgage, plaintiff failed to submit evidence establishing that it had mailed defendant the contractually required notice of mortgage default. In support of its motion, plaintiff, which had acquired the mortgage from JPMorgan Chase Bank (Chase), submitted two affidavits from employees of its mortgage servicer, nonparty Serterus, Inc. These affidavits laid a proper foundation for the admissibility of the prior mortgage servicer's records as business records (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296 [3d Dept 2012], lv denied 20 NY3d 858 [2013]).
However, neither the affidavits nor the business records made the requisite demonstration of mailing as required by the mortgage agreement (see Nationstar Mtge., LLC v Cogen, 159 AD3d 428, 429 [1st Dept 2018]). Although one of Serterus's employees stated that Serterus followed the prior mortgage servicer's procedures for mailing the default notice, she stated only that she had personal knowledge of Serterus's recordkeeping practices and procedures, not that she had personal knowledge that the notice of default was actually mailed. Nor did the employee attest to her familiarity with the mailing procedures of either Chase, which the default notice identified as the sender, or its servicer (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [2d Dept 2019], lv dismissed 39 NY3d 979 [2023]). Although the employee stated that records of the mailing were attached, the only record of mailing of the notice was the notice itself, which contained no information about whether and when it was mailed. Similarly, the affidavit by the other Serterus employee lacked any indication of how she concluded that the contractual default notice was, in fact, sent. In addition, defendant submitted an affidavit denying ever having received the notice (see Cogen, 159 AD3d at 429).
Further, service of the 90-day notice pre-foreclosure notice required by RPAPL 1304 did not comply with the requirement of service of the default notice required under the mortgage agreement. The mortgage agreement required that the default notice thereunder inform the defendant borrower that if the default was not cured by the date stated in the notice, the lender may require immediate payment in full. However, the RPAPL 1304 notice contains no such statement.
To the extent defendant requests summary judgment dismissing the action, his mere denial of receipt of the notice of default is insufficient to support granting his motion (see Federal Natl. [*2]Mtge. Assn. v Araka, 217 AD3d 626, 627 [1st Dept 2023]; Conti-Scheurer, 172 AD3d at 24).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023