TD Bank, N.A. v A.H. Dental P.C. (2025 NY Slip Op 06796)

TD Bank, N.A. v A.H. Dental P.C.

2025 NY Slip Op 06796

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 161295/21|Appeal No. 5295|Case No. 2024-02846|

[*1]TD Bank, N.A., Plaintiff-Respondent,
v
A.H. Dental P.C. et al., Defendants-Appellants.

Lebedin Kofman, LLP, New York (Michael S. Leinoff of counsel), for appellants.
Goetz Platzer LLP, New York (Robert J. Mastrogiacomo of counsel), for respondent.

Judgment, Supreme Court, New York County (Alexander M. Tisch, J.), entered March 27, 2024, in favor of plaintiff and against defendants in the total amount of $1,342,369.42, inclusive of all interest and costs, and bringing up for review an order, same court and Justice, entered December 5, 2023, which granted plaintiff's motion for summary judgment on its claims and dismissing defendants' affirmative defenses, unanimously affirmed, without costs.
In this action to recover damages for breach of promissory notes and guarantees, plaintiff made a prima facie showing of its entitlement to the amounts due under the notes (see Schron v Grunstein, 105 AD3d 430 [1st Dept 2013]). Plaintiff presented the notes, guarantees, other debt instruments establishing the loans, the demand letter, and the affidavit of its vice president confirming that defendants had not paid the outstanding amounts due on the loans. The affidavit laid a proper foundation for the statements contained therein as the affiant stated that he had personal knowledge of plaintiff's business practices, and the records he personally reviewed were maintained by plaintiff in the course of its regularly conducted business (see CPLR 4518[a]; Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]). Accordingly, the record supports that defendants defaulted on the loans on December 28, 2020 and December 30, 2020, respectively, and owed a total amount of $1,342,369.42, inclusive of all interest and costs. 
Defendants' opposition, consisting solely of a memorandum of law, failed to raise an issue as to the underlying facts asserted in the motion (see Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 609 [1st Dept 2012]). Defendants failed to address or provide evidence to support their first through fourth, sixth, seventh, and ninth through fifteenth affirmative defenses, thereby waiving them (see Josephson LLC v Column Fin., Inc., 94 AD3d 479, 480 [1st Dept 2012]).
As to defendants' remaining affirmative defenses based on plaintiff's alleged failure to mitigate damages by not pursuing its motion to replevy certain equipment from defendant A.H. Dental P.C. as payment, defendants failed to offer credible evidence to substantiate those defenses (see Commissioners of the State Ins. Fund v Ramos, 63 AD3d 453 [1st Dept 2009]). Not only did defendants oppose this relief, but the equipment sought was exclusively within their control (cf. Hattem v Smith, 149 AD3d 1339, 1341 [3d Dept 2017] [the plaintiff failed to mitigate damages by not selling collateral assets already in his possession to satisfy lien]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025