Wilmington Sav. Fund Socy. v Obatusin

2026 NY Slip Op 02385

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilmington Savings Fund Society, etc., Appellant,

v

Adefunke Obatusin, Respondent, City of New York Environmental Control Board, et al., Defendants.

Decided and Entered: April 21, 2026

Index No. 808811/22|Appeal No. 6425|Case No. 2025-03874|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Richland & Falkowski, PLLC, Long Island City (Michael Falkowski of counsel), for appellant.

[*1]

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered June 18, 2025, which denied plaintiff's motion to confirm a Referee's report and for a judgment of foreclosure and sale, unanimously reversed, on the law, without costs, the motion granted, the Referee's report confirmed, and the Clerk directed to enter a judgment of foreclosure and sale in favor of plaintiff.

Contrary to Supreme Court's determination, the Referee's report was substantially supported by the affidavit of corporate counsel for plaintiff's loan services, which detailed defendant borrower's complete loan payment history, establishing the borrower's default in payment on October 1, 2008, as well as the unpaid principal balance (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 10 [1st Dept 2017]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [2d Dept 2019] [records received from other entities "may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business"]). Moreover, the loan servicer's uncontested calculations of the total amount owed, which included the unpaid principal balance, together with accrued interest, calculated using the subject note's fixed interest rate, for a specified number of days, was supported by the submitted records (see U.S. Bank, N.A. v Ifemesia, 239 AD3d 1022, 1024 [2d Dept 2025]; see also AC 31, LLC v Fawer, 232 AD3d 454, 454-455 [1st Dept 2024]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026